**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MONTE CARLO AVIATION CORPORATION                                          PLAINTIFF

v.                              Case No. 4:11CV00042 JLH

DASSAULT AVIATION S.A. and DASSAULT
FALCON JET CORPORATION                                                    DEFENDANTS

**OPINION AND ORDER**

On January 18, 2011, Monte Carlo Aviation Corporation filed a complaint asking the Court to enter an *ex parte* temporary restraining order and a preliminary injunction against defendants Dassault Aviation S.A. and Dassault Falcon Jet Corporation to prevent the removal of an aircraft, which is the subject of a contract dispute between the parties, from Little Rock, Arkansas. This Court issued a temporary restraining order and reserved ruling on the motion for preliminary injunction until an evidentiary hearing. On Wednesday, January 26, 2011, the Court held an evidentiary hearing on Monte Carlo's request for preliminary injunction and granted the parties time to respond to the pending motions and brief the issues raised in the hearing. The parties have submitted their briefs, and the case is ripe for adjudication. Monte Carlo has filed a notice voluntarily dismissing its claims against Dassault Falcon Jet Corporation. *See* Fed. R. Civ. P. 41(a). For the following reasons, Monte Carlo's request for injunctive relief is denied, its complaint is dismissed, the temporary restraining order is dissolved, and all other pending motions are denied as moot.

**I.**

In its brief, Dassault Aviation argues that this Court is an inconvenient forum for adjudicating Monte Carlo's claims. Under the doctrine of *forum non conveniens*, "when an alternative forum has

jurisdiction to hear [a] case . . . [and] when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S. Ct. 252, 258, 70 L. Ed. 2d 419 (1981) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524, 67 S. Ct. 828, 831-32, 91 L. Ed. 1067 (1947)). *Forum non conveniens* is a discretionary doctrine that vests in the district courts the power to abstain from exercising jurisdiction "even where authorized by statute if 'the litigation can more appropriately be conducted in a foreign tribunal.' " *de Melo v. Lederle Labs., Div. of Am. Cyanamid Corp.*, 801 F.2d 1058, 1060 (8th Cir. 1986). A district court applying the doctrine of *forum non conveniens*

> must find that there exists an adequate alternative forum for the litigation; the court must then balance factors relative to the convenience of the litigants, referred to as the private interests, and factors relative to the convenience of the forum, referred to as the public interests, to determine which available forum is most appropriate for . . . resolution. [*Piper Aircraft*, 454 U.S. 235, 102 S. Ct. 252.]

*Id.* at 1060-61.

Dassault Aviation contends that France is an adequate alternative forum for Monte Carlo's claims. Typically, an adequate alterative forum exists "if the defendant is amenable to process in the alternative jurisdiction," unless "the remedy provided in the alternative forum [would] be 'so clearly inadequate or unsatisfactory that it is no remedy at all * * *.' " *Id.* at 1061 (quoting *Piper Aircraft*, 454 U.S. at 254, 102 S. Ct. at 265). Dassault Aviation notes that it is a French corporation subject to service of process in France and that, under French law, French courts are authorized to grant preliminary injunctive relief even in cases subject to binding arbitration. (Def.'s Reply Br. at 3-4.) Monte Carlo Aviation contends that, although Dassault is amenable to process in France, a French court could not provide an adequate remedy in this case because the aircraft at issue is located

in Arkansas. Ultimately, however, the aircraft's location is inconsequential; injunctive relief does not operate *in rem*, as the plaintiff suggests, but *in personam*. *See Nken v. Holder*, 129 S. Ct. 1749, 1757, 173 L. Ed. 2d 550 (2009) ("[A]n injunction is a judicial process or mandate operating *in personam*. . . . This is so whether the injunction preliminary or final; in both contexts, the order is directed at someone, and governs that party's conduct.") (quoting Black's Law Dictionary 800 (8th ed. 2004)). Regardless where the aircraft at issue is located, the relief that Monte Carlo seeks is against Dassault Aviation, a party who is subject to process in France and whose conduct can be controlled by a French court. France is an adequate alternative forum for Monte Carlo's complaint.

Upon finding that there is an adequate alternative forum, the court must "balance the private interest factors, which affect the convenience of the litigants, and the public interest factors, which affect the convenience of the forum." *de Melo*, 801 F.2d at 1062. The private interest factors include:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions to the enforcibility [sic] of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial.

*Id.* (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947)). Neither Monte Carlo nor Dassault Aviation reside in this forum or even in the United States. Dassault Aviation is a French corporation with its principal place of business in Paris, France. Monte Carlo is a British Virgin Islands corporation headquartered in the Principality of Monaco. Neither party has employee witnesses in this forum. Under the terms of the disputed contract, Monte Carlo and Dassault Aviation have agreed to resolve all of their disputes by

arbitration in France; thus, all of the evidence proffered in the adjudication will be presented in France. There is no evidence that French courts would be unable or unwilling to enjoin Dassault Aviation from selling or moving the aircraft at issue or enforce an injunction. Based on these considerations, the private interest factors weigh heavily in favor of bringing the motion for injunctive relief in France.

The public interest factors, which bear on the convenience of the forum, include:

> The administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.* (quoting *Piper Aircraft*, 454 U.S. at 241 n.6, 102 S. Ct. at 258 n.6). Here, these factors weigh in favor of hearing the action in France. Arkansas has no interest in this litigation, as neither of the parties is an American corporation and the only American corporation that was a party to the action has been dismissed. Furthermore, "the need to apply foreign law point[s] towards dismissal" in this case. *See Piper Aircraft*, 454 U.S. at 260 & n.29, 102 S. Ct. at 268 & n.29. Monte Carlo and Dassault Aviation have expressly agreed to apply French law to resolve any contractual disputes—a choice of law that this Court is ill-equipped to apply and would be required to apply to determine whether Monte Carlo is entitled to relief.[1]

---

[1] In particular, the Court would have to determine Monte Carlo's "likelihood of success" on its contract claim before granting the plaintiff's request for injunctive relief. *See Phelps-Roper v. Nixon*, 545 F.3d 685, 689-90 (8th Cir. 2008) (listing the factors to consider when considering injunctive relief).

In light of this evidence, the Court DENIES Monte Carlo's request for injunctive relief and DISMISSES the complaint pursuant to the doctrine of *forum non conveniens*. The temporary restraining order is dissolved. All other motions are DENIED as moot.

IT IS SO ORDERED this 1st day of February, 2011.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE